# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BEVERLY HACEESA, individually, and
FIRST FINANCIAL TRUST COMPANY,
as Conservator for SHENOEL HACEESA,
a Minor,

        Plaintiffs,

        vs.                                                                                                                        No. CIV 99-60 LH/RLP-ACE

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Amend Complaint by Interlineation (Docket No. 23), filed December 3, 1999. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the motion shall be **granted in part** and **denied in part.**

Hardy Haceesa died in April 1998 allegedly as a result of medical negligence at Northern New Mexico Navajo Hospital, which is owned and operated by the United States through its agency, the Indian Health Service. On July 2, 1998, claims were submitted to the Indian Health Service by Beverly Haceesa, Hardy Haceesa's widow, and by Sheldon Wright, First Financial Trust Co., as Conservator for Shenoel Haceesa, Hardy Haceesa's minor daughter. On October 26, 1998, Beverly Haceesa, Personal Representative of Hardy Haceesa, submitted a claim to the Indian Health Service on behalf of Hardy Haceesa's Estate. The United States Department of Health and Human Services subsequently sent an April 28, 1999 notice of final denial of the claims to Plaintiffs' counsel.

On January 15, 1999, Plaintiffs Beverly Haceesa, individually, and First Financial Trust Co., as conservator for Shenoel Hacessa, filed the complaint in this case for medical negligence and wrongful death. On December 3, 1999, more than six months after the date of the notice of denial, Plaintiffs filed a motion requesting permission to make three amendments to their complaint.[1] The first proposed amendment is to add Plaintiff Beverly Haceesa as the personal representative of Hardy Haceesa. The second proposed amendment corrects the date on which the individual Plaintiffs submitted their claims for agency consideration and adds a sentence which gives the date on which the Estate's claim was first submitted for agency consideration. The third proposed amendment adds two elements of damages: 1) pain and suffering and emotional distress caused to Hardy Haceesa prior to his death; and 2) loss of enjoyment of life to Hardy Haceesa.

Defendant opposes the first amendment, claiming the Court does not have jurisdiction over the claim of the personal representative, which has been brought via the proposed amendment only, and is accordingly untimely. The law provides that "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. 2401(b). Because § 2401(b) constitutes a waiver of the government's sovereign immunity, it must be strictly construed. *Pipkin v. United States Postal Service*, 951 F.2d 272, 275 (10th Cir.1991) (citations omitted). Courts are not free to construe § 2401(b) so as to defeat its purpose of encouraging prompt presentation of claims against the federal government. *United States v. Kubrick*, 444 U.S. 111, 117

---

[1] Defendant states that Plaintiffs' failure to file a supporting brief along with their motion, contrary to D.N.M. LR-Civ 7.3(a)(1), constitutes consent to deny the motion pursuant to D.N.M. LR-Civ 7.5(b). Although Plaintiffs did not file a separate supporting brief along with their motion, the discussion presented in and the exhibit attached to the motion exceeds the information required in a motion and will be considered by the Court as a supporting brief.

(1979) (Statutes of limitations "protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.").

New Mexico common law allows an amended complaint to relate back where the amendment changes the capacity of the plaintiff to bring suit under New Mexico's Tort Claims Act, there is no change in the parties before the court, and all parties are on notice of the facts out of which the claim arose. *Chavez v. Regents of the University of New Mexico*, 711 P.2d 883 (N.M. 1985). In *Chavez,* the natural parents of a deceased girl brought a wrongful death action under the Tort Claims Act within the limitation period. However, the deceased girl's mother was not appointed personal representative until after the limitation period had expired. The New Mexico Supreme Court held that the wrongful death action brought by the natural parents of the deceased girl within the limitation period was not barred because of the plaintiffs' failure to obtain court appointment of a personal representative to sue within the time limitation period. *Id.* at 607. The court noted that allowing the appointment of the personal representative to relate back would not compromise the purpose behind the statute of limitations and would not prejudice the defendants. *Id.* at 611.

Allowing the amendment to add the Personal Representative as a party to this litigation will not defeat § 2401's purpose of encouraging prompt presentation of claims against the federal government. Hardy Haceesa's widow and daughter filed the complaint in this matter prior to the issuance of the notice of final denial. *See Ripley v. Childress*, 695 F.Supp. 507, 509 (D.N.M. 1988) ("once a claim has been asserted within the limitation period, the purpose of the statute of limitations has been realized: giving timely notice that litigation arises from a particular transaction or occurrence."). The search for truth in this case will not be impaired by loss of evidence because the

-3-

proposed amendment adds no new claims but will merely *officially* make the Personal Representative a party to this lawsuit, as contemplated by the New Mexico Wrongful Death Act.[2] Furthermore, leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15 (a). The proposed amendment will avoid the forfeiture of just claims of the statutory beneficiaries, in this instance Hardy Haceesa's widow and minor daughter. Therefore, the Court will allow the proposed amendment to paragraph 1 of the original complaint.

The second proposed amendment adds neither parties nor claims but only corrects dates in a factual allegation. Defendant raises no objection to this proposed amendment. The Court will allow the proposed amendment to paragraph 8 of the original complaint.

The third proposed amendment adds two elements of damages: 1) pain and suffering and emotional distress caused to Hardy Haceesa prior to his death; and 2) loss of enjoyment of life to Hardy Haceesa. Paragraph 27 of the complaint states "Defendant's negligence . . . proximately caused . . . Hardy Haceesa's pain, suffering and death." Allowing this third proposed amendment, which adds neither new parties nor new claims, will not defeat the purpose behind § 2401 (b). Furthermore, both of these elements of damages are properly awardable under the New Mexico Wrongful Death Act, as is the claim for loss of parental guidance and counseling. *See, e.g., Romero v. Byers*, 117 N.M. 422 (1994). Therefore, the Court will allow the proposed amendment adding these elements of damages to paragraph 29 of the original complaint, and will allow the parental guidance claim to remain.

Defendant also claims that Plaintiffs cannot establish a mistake concerning the identity of the proper party and thus cannot comply with Fed. R. Civ. P. 15(c)(3). Consequently, the proposed

---

[2]*See* 41-2-3 N.M.S.A. 1978 (1996 Repl.).

amended complaint would not relate back to the date of the original pleading. The Court disagrees. The complaint sufficiently put Defendant on notice regarding the claim raised in the proposed amended complaint. Consequently, there is no problem of notice to defendants that would prevent relation back of the proposed amended complaint. Such a conclusion is consistent with Fed. R. Civ. P.17 (a), which provides that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect and such correction shall have the same effect as if the action had been commenced in the name of the real party in interest. *See Chavez v. Regents of the University of New Mexico*, 711 P.2d 883 (N.M. 1985) (Amended complaint joining mother as personal representative after the limitation period, in a wrongful death action brought under New Mexico's Tort Claims Act by parents of deceased child within the limitation period, related back to original complaint).

In its responsive brief, Defendant asks the Court to dismiss the loss of consortium claim. The Court recognizes that a loss of consortium claim is not awardable under the New Mexico Wrongful Death Act but is a separate common law cause of action which may only be brought by the spouse in an individual capacity. *See Romero v. Byers*, 117 N.M. 422, 424 (1994). The complaint does not set forth a separate cause of action nor does it state a jurisdictional basis for such a claim, but merely lists loss of consortium as an element of damages. In light of the liberal standard accorded amendments, Plaintiffs will be granted leave to attempt to properly state such a claim.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion to Amend Complaint by Interlineation (Docket No. 23), filed December 3, 1999, is **granted in part** and **denied in part.** Specifically, rather than add the following by interlineation, Plaintiffs are instructed to submit a fully amended complaint to Chambers within 30 days for approval and filing by the Court.

**IT IS ALSO ORDERED** that amendments to the complaint are strictly limited to the following:

1. Adding Plaintiff Beverly Haceesa, as Personal Representative of Hardy Haceesa, to the caption.

2. Adding the following sentence to paragraph 1 of the original Complaint: "Plaintiff Beverly Haceesa is the Personal Representative of Hardy Haceesa, her former husband who is now deceased."

3. Removing the first sentence of paragraph 8 of the original Complaint and substituting the following in its place: "The claims of Beverly Haceesa, individually, and Shenoel Haceesa were first submitted for agency consideration pursuant to 28 U.S.C. § 2675 (a) on July 6, 1998. The claims on behalf of Hardy Haceesa's Estate were first presented to the United States Government on October 30, 1998."

4. Adding the following elements of damages to paragraph 29 of the original Complaint: "i. Pain and suffering and emotional distress caused to Hardy Haceesa prior to his death; j. Loss of enjoyment of life to Hardy Haceesa."

5. Adding a separate count containing a cause of action for loss of consortium under New Mexico common law and establishing jurisdiction for this Court over such a claim.

_____
**UNITED STATES DISTRICT JUDGE**