# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BEVERLY HACEESA, individually, and
FIRST FINANCIAL TRUST COMPANY,
as Conservator for SHENOEL HACEESA,
a Minor,

      Plaintiffs,

      vs.                                                No. CIV 99-60 LH/RLP-ACE

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Reconsideration of the Court's Memorandum Opinion and Order Entered on March 6, 2000 (Docket No. 32), filed March 10, 2000. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the motion shall be **denied.** The relief afforded Plaintiffs in the March 6, 2000 order shall stand, i.e., Plaintiffs shall be allowed to amend their complaint as described in that order.

Defendant opposes this amendment, claiming that the personal representative, by waiting until after expiration of the statutory period of limitation before attempting to join the suit, is forever barred, and that therefore, this Court lacks subject matter jurisdiction over the claim. The Court, recognizing that a wrongful death suit must be brought by the personal representative under New Mexico law, and having considered Fed. R. Civ. P. 15 and 17, as well as the Federal Tort Claims Act ("FTCA") statute of limitations, and the purposes behind the rules and statute, granted the motion

to amend. Now for the first time, Defendant claims that allowing such amendment would constitute a premature filing under *McNeil* and *Duplan,* thereby depriving this Court of jurisdiction over the claim. *McNeil v. United States*, 508 U.S. 106 (1993); *Duplan v. Harper*, 188 F.3d 1195, (10th Cir. 1999). In *Jones v. Henry*,[1] I recently cited both *McNeil* and *Duplan* as support for dismissal on the basis of premature filing. To avoid the appearance of inconsistency with my decision in this case, I will explain the relevant distinctions between the *Jones* case and this case.

The *Jones* plaintiff filed an administrative claim with the Bureau of Indian Affairs ("BIA"), claiming damages resulting from alleged aggravated assault and malicious prosecution. Approximately two weeks later, he filed a judicial complaint claiming that this Court had jurisdiction under the FTCA. Because there was no evidence that the BIA denied the plaintiff's claim during the two-week interim between filing his claim with the BIA and his filing his complaint in this Court, I concluded that the plaintiff filed his complaint prematurely, and as such, had not exhausted his administrative remedies. My conclusion and dismissal of the complaint for lack of jurisdiction were based on *McNeil* and *Duplan*.

The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *McNeil*, 508 U.S. at 106 (overruling some circuits' holdings that permitted a prematurely filed FTCA action to proceed if no substantial progress had taken place in the litigation before the administrative remedies were exhausted). As a general rule, a premature complaint under the FTCA cannot be cured by amendment, but instead, plaintiff must file a new suit. *Duplan*, 188 F.3d at 1199. In *McNeil*, the plaintiff filed his administrative claim four months after filing his judicial complaint. In *Duplan,* the plaintiffs filed their administrative claim two days after filing suit in state

---

[1] No. 99-102 (D. N.M. filed January 29, 1999).

court.[2]  In *McNeil, Duplan,* and *Jones*, only one administrative claim was filed for the underlying tort. In this case, however, three administrative claims have been filed. Defendant seeks dismissal of this case based on the filing date of only one of the three administrative claims.

Plaintiffs Beverly Haceesa, and First Financial Trust Co., as conservator for Shenoel Haceesa, filed administrative claims on July 2, 1998. Over six months later, on January 15, 1999, they filed the complaint in this case for medical negligence and wrongful death. *See* 28 U.S.C. § 2675(a)(failure of agency to make final disposition of a claim within six months shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim). The Court recognizes that, under New Mexico law, wrongful death actions must be brought by and in the name of the personal representative of the estate. N.M.S.A. § 41-2-3 (Michie Repl. Pampl. 1996). The complaint is defective because Beverly Haceesa, the personal representative brought the suit in her individual capacity only, and on behalf of herself and her daughter. However, such defects in complaints can often be remedied using Rule 15 or Rule 17 of the Federal Rules of Civil Procedure. The issue then becomes whether the administrative claims filed by the statutory beneficiaries have any bearing on the Court's jurisdiction over this case. Unlike in *Jones*, the complaint was not prematurely filed, and this Court has jurisdiction, if the administrative claims of the statutory beneficiaries meet the notice requirements of the FTCA. The Court concludes they do.

Defendant claims that this conclusion allows a "relation back" of the proposed amendments to the date of the original complaint, and that this would circumvent provisions of the FTCA. These

---

[2] The suit was subsequently removed to federal court. The exact date of removal, although not given in the case, occurred within less than three months of filing in state court. The suit in state court was filed on January 10, 1995. On March 27, 1995, the government filed a motion to dismiss the plaintiffs' federal action. *Duplan*, 188 F.3d at 1198.

provisions provide that an "action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim . . . ." 28 U.S.C. § 2675(a). In the absence of a final denial by the agency, filing an FTCA action before the six month period is premature and constitutes a failure to exhaust administrative remedies. Defendant claims that allowing the proposed amendments to relate back to the original complaint would result in a premature filing because the original complaint was filed on January 15, 1999, less than six months after the administrative claim was filed on behalf of the Estate of Hardy Haceesa, on October 30, 1998, and before final denial of the Estate's administrative claim in April 1999. The Court would, therefore, have no jurisdiction over the Estate's FTCA claims because the Estate failed to exhaust administrative remedies based on the filing dates of the Estate's administrative claim and the judicial complaint alone. However, the named plaintiffs in this case also filed administrative claims.

The federal court derives its jurisdiction for FTCA cases from 28 U.S.C. § 2675(a). *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991). Section 2675(a) requires that FTCA claims be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim. *Id.* (citation omitted). Both claims filed by Beverly Haceesa and Shenoel Haceesa's conservator describe circumstances attending Hardy Haceesa's death and the resulting damages.[3] Furthermore,

---

[3]The statements in the claims clearly indicate a wrongful death action and include references to the decedent's pain and suffering and loss of enjoyment of life. Beverly Haceesa's claim also states a loss of consortium claim which is a separate action from wrongful death under New Mexico law. *See Romero v. Byers*, 117 N.M. 422, 424 (1994).

-4-

each claim states the amount of their wrongful death claim.[4] Although neither plaintiff was the personal representative of the decedent when they filed their administrative claims in this case, their submissions provided Defendant with the minimal notice required under the FTCA so that it could adequately investigate the claims. *See Byrne v. United States*, 804 F.Supp. 577 (S.D.N.Y. 1992)(court had subject matter jurisdiction over FTCA action because plaintiff met the requirements of 28 U.S.C. § 2675(a) by filing claim form prior to the expiration of the two year statute of limitations even though plaintiff was not the personal representative of the decedent at that time). *See also Knapp v. United States*, 844 F.2d 376, 379 (6th Cir. 1988)(failure of widow to file administrative claim as personal representative did not affect jurisdiction of district court in FTCA suit where she was qualified as personal representative when the action was filed in district court); *Van Fossen v. United States*, 430 F.Supp 1017, 1021 (N.D. Cal. 1977)(statutory beneficiary is proper person to file an administrative claim to fulfill the prerequisite to filing suit under the FTCA even if claimant may have to rely on an appointed representative to bring action in court); FED. R. CIV. P. 17(a)(no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for joinder or substitution of the real party in interest, and such joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest).

---

[4]For the amount of claim for wrongful death, both claims state "Same as Personal Injury." For the amount of claim for personal injury, both claims state "$4,000,000.00." For the total amount of claim, both claims state "$4,000,000.00." While these entries seem somewhat confusing, the claims do state a total sum certain. There is no evidence before the Court that the agency determined that these claims were defective. In fact, the agency evaluated and denied the claims. The agency gave no basis for denial.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Reconsideration of the Court's Memorandum Opinion and Order Entered on March 6, 2000 (Docket No. 32), filed March 10, 2000, is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff shall be allowed to amend the complaint as described in the Court's Memorandum Opinion and Order of March 6, 2000. The amended complaint which was submitted to Chambers shall be filed by the Court contemporaneously with this order.

_____
**UNITED STATES DISTRICT JUDGE**